IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MARKUS LEVAR DAVIS,**

       **Plaintiff,**

v.                                                  Case No. 2:14-cv-20467

**OFFICER J.M. THOMPSON, et al.,**

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss (ECF No. 15).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY,** without prejudice, the defendants' Motion to Dismiss (ECF No. 15) and **QUASH** the service of the summonses which were improperly served on the identified defendants herein. By separate Order, the undersigned will direct the Clerk to re-issue the summonses for each identified defendant and will order that service be undertaken upon each defendant in accordance with the appropriate sections of Rule 4 of the Federal Rules of Civil Procedure.

## **PROCEDURAL HISTORY**

On July 3, 2014, the plaintiff, Markus Levar Davis, filed a Complaint under 42 U.S.C. § 1983 against Officer J.M. Thompson, Officer Stover, Officer Keeney, Officer John Doe, Sergeant John Doe, the South Charleston Police Department and the City of South Charleston. (ECF No. 1). On October 1, 2014, the undersigned granted the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) and ordered service of process upon each identified defendant. (ECF No. 7). Because the plaintiff is proceeding *in forma pauperis*, an officer of the court is responsible for service of process on his behalf. *See* 28 U.S.C. § 1915(d).

Summonses were issued by the Clerk and service upon each identified defendant was attempted by certified mail, return receipt requested. Delivery was not restricted to the addressee. Furthermore, the summonses for the City of South Charleston and the South Charleston Police Department were not directed to any particular individual for service. The signature on the return receipts for each of the certified mailings of the service copies of the Summonses and Complaint in this action are illegible, but each receipt appears to have been executed by the same individual. (ECF Nos. 10-14).

On October 30, 2014, the defendants, by counsel, Timothy L. Mayo, Phillip D. Estep, and the law firm of Flaherty Sensabaugh Bonasso PLLC, filed a Motion to Dismiss (ECF No. 15) and a Memorandum of Law in support thereof (ECF No. 16). The Motion and Memorandum assert that the plaintiff's Complaint should be dismissed for insufficient service of process on all of the defendants. The plaintiff has not filed a response to the Motion to Dismiss.

## **ANALYSIS**

It is apparent from the record in this matter that the summonses for each identified defendant were not properly served in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure (which incorporates Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure), or Rule 4(j)(2)(A) and (B) of the Federal Rules of Civil Procedure (which incorporates Rule 4(d)(6)(A) of the West Virginia Rules of Civil Procedure). Although these rules permit service upon an individual by the Clerk via certified mail, return receipt requested, such certified mail must be restricted to the addressee. As noted in the defendants' Memorandum of Law in support of their Motion to Dismiss, none of the certified mailings in this case was restricted to the addressee. (ECF No. 16 at 3-5). According to the defendants' Memorandum of Law, all of the return receipts were executed by a "David Leeber," who is a cashier for the City of South Charleston. (*Id.* at 5-7). Mr. Leeber was not authorized to accept service on behalf of any of the defendants. (*Id.*)

Furthermore, the defendants' Memorandum of Law denotes that the summonses for the City of South Charleston and the South Charleston Police Department were not addressed to any authorized individual who could properly accept such service. (*Id.* at 6-7). Pursuant to Fed. R. Civ. P. 4(j)(2)(A) and W. Va. R. Civ. P. 4(d)(6)(A) and (D), service upon a local governmental entity must be made upon "its chief executive officer" or "its mayor, city manager, recorder, clerk, treasurer, or any member of its council or board of commissioners" or "any officer, director or governor thereof" or "an agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf."

Based upon the improper service of process on each of the identified defendants herein, the defendants request that the plaintiff's Complaint be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. However, because an officer of the court is responsible for performing service of process on the indigent *pro se* plaintiff's behalf, *see* 28 U.S.C. § 1915(d), the undersigned proposes that the presiding District Judge **FIND** that the plaintiff should not be held responsible for the mistakes that were made with service of process in this matter by officers of the court. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that dismissal of the plaintiff's Complaint for insufficient service of process is not appropriate under the circumstances. Rather, the undersigned proposes that the presiding District Judge **FIND** that the proper remedy under the circumstances is to quash the service of the previous summonses and to issue new summonses for service upon the defendants in accordance with the appropriate rules of civil procedure.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY,** without prejudice, the defendants' Motion to Dismiss (ECF No. 15) and **QUASH** the service of the summonses which were improperly served on the identified defendants herein. By separate Order, the undersigned will direct the Clerk to re-issue the summonses for each identified defendant and will order that service be undertaken upon each defendant in accordance with the appropriate sections of Rule 4 of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties (or their counsel where applicable) and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 16, 2015

Dwane L. Tinsley
United States Magistrate Judge