IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

MARKUS LEVAR DAVIS,

      Plaintiff,

v.                                         Case No. 2:14-cv-20467

OFFICER J.M. THOMPSON, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is a Motion to Dismiss filed on behalf of the South Charleston Police Department ("SCPD") (ECF No. 23).

## PROCEDURAL HISTORY

On July 3, 2014, the plaintiff, Markus Levar Davis, filed a Complaint under 42 U.S.C. § 1983 against Officer J.M. Thompson, Officer Stover, Officer Keeney, Officer John Doe, Sergeant John Doe, the South Charleston Police Department and the City of South Charleston. (ECF No. 1). The Complaint alleges that the defendant police officers subjected him to an invasive body cavity search and used excessive force against him during and after his arrest following a traffic stop on a public street in South Charleston, West Virginia on June 26, 2014. The Complaint further alleges that the City of South Charleston has a policy, custom or practice of failing to train, supervise and control its

officers, despite knowing that the officers have engaged in similar abuse and mistreatment of citizens with whom they have come in contact. The Complaint alleges a variety of federal and state law claims against the defendants.

On November 30, 2015, the South Charleston Police Department, by counsel, Timothy L. Mayo, Phillip D. Estep, and the law firm of Flaherty Sensabaugh Bonasso PLLC, filed a Motion to Dismiss (ECF No. 23) and a Memorandum of Law in support thereof (ECF No. 24), asserting that the South Charleston Police Department ("SCPD") should be dismissed as a defendant herein because it is not a separate suable entity from the City of South Charleston, which is also a defendant herein and has filed an Answer to the Complaint. The plaintiff has not filed a response to the SCPD's motion.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint or pleading. In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court further explained its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the

2

purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * * In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

As addressed in the SCPD's Memorandum of Law in support of its Motion to Dismiss, this matter arises out of an alleged search of the plaintiff's person and the alleged use of excessive force during and after the plaintiff's arrest, on or about June 26, 2014, by several police officers employed by the City of South Charleston ("the City"). The plaintiff's Complaint names as defendants the City, the SCPD and three individual officers. The SCPD's motion asserts that, under West Virginia law, the City's police department is not a separate suable entity, but is "merely the vehicle through which the City fulfills its policing functions." As further noted in the defendant's Memorandum of Law, "police departments are subject to the authority, control and discipline of the municipalities that create them." *See West Virginia Code* § 8-14-1.

The defendant's Memorandum of Law further notes that this United States District Court has previously addressed this issue and found that city police departments are not separate suable entities from the municipality that created them and, thus, the police department should be dismissed as a defendant. *See Weigle v. Pifer*, 2:14-cv-15087 (S.D. W. Va. Apr. 30, 2015) (Copenhaver, J.) (wherein the court "concluded that the Vienna

3

police department [was] not a proper party and should be dismissed") (citing *Tofi v. Napier*, No. 210-cv-01121, 2011 WL 3862118 at *12 (S.D. W. Va. Aug. 21, 2011) (Johnston, J.) (granting a motion to dismiss claims against the City of Charleston Police Department because it "is not a separate entity from the City of Charleston and has no legal existence independent from the City.")

Additionally, the SCPD's Motion to Dismiss and Memorandum of Law in support thereof assert that the plaintiff's Complaint fails to state a claim upon which relief can be granted against the SCPD because the Complaint contains no specific allegations against the SCPD. Accordingly, the SCPD asserts that the Complaint should be dismissed with regard to the SCPD pursuant to the dictates of *Twombly* and *Iqbal, supra*. The plaintiff has not opposed or objected to the SCPD's motion.

The undersigned proposes that the presiding District Judge **FIND** that, as provided for under West Virginia Code § 8-14-1, and as addressed in the prior authority of this court cited herein, the SCPD is not a separate suable entity from the City of South Charleston, which is also a named defendant, and, the plaintiff's Complaint does not contain any specific allegations against the SCPD itself. Thus, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against the SCPD.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the SCPD's Motion to Dismiss (ECF No. 23) and **DISMISS** the South Charleston Police Department as a defendant herein.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties (or their counsel where applicable) and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 4, 2016

Dwane L. Tinsley
United States Magistrate Judge