IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

MARCUS LEVAR DAVIS,

        Plaintiff,

v.                                                                    Case No. 2:14-cv-20467

OFFICER J.M. THOMPSON,
OFFICER STOVER, OFFICER KEENEY,
OFFICER JOHN DOE, SERGEANT JOHN DOE and
CITY OF SOUTH CHARLESTON

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure because the plaintiff has failed to prosecute this matter.

## RELEVANT PROCEDURAL HISTORY

On July 3, 2014, the plaintiff filed a Complaint (ECF No. 1), alleging that that the defendant police officers subjected him to an invasive body cavity search and used excessive force against him during and after his arrest following a traffic stop on a public street in South Charleston, West Virginia on June 26, 2014. The Complaint further alleges

that the City of South Charleston has a policy, custom or practice of failing to train, supervise and control its officers, despite knowing that the officers have engaged in similar abuse and mistreatment of citizens with whom they have come in contact. The Complaint alleges a variety of federal and state law claims against the defendants.

On June 23, 2016, the defendants filed a Motion to Compel Responses to Defendants' First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions (ECF No. 33) (the "first Motion to Compel"), indicating that the plaintiff had failed to respond in any way to written discovery requests. On August 23, 2016, the defendants filed a Motion to Compel Plaintiff to Submit to Deposition (ECF No. 37) (the "second Motion to Compel"). On August 31, 2016, the defendants filed a Motion to Deem Requests for Admissions Admitted (ECF No. 38).

On August 31, 2016, the undersigned issued an Order to Show Cause, ordering the plaintiff to respond in writing to indicate his intent to pursue this civil action and to show cause why this civil action should not be dismissed for his failure to engage in the discovery process. The plaintiff was notified that the failure to so respond would result in a recommendation to the presiding District Judge that this matter be dismissed with prejudice for failure to prosecute, and that other sanctions might also be imposed. The defendants' discovery motions were taken under advisement pending the plaintiff's response to this Order to Show Cause. In light of the proposed findings contained herein and the recommendation for dismissal of this matter, these discovery motions have been denied as moot by separate Order entered this same date. However, certain facts set forth in those motions are germane to the instant proposed findings and recommendation.

According to the first Motion to Compel, the defendants served written discovery requests on the plaintiff on May 11, 2016. (ECF No. 33 at 1). Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, the plaintiff's responses to the written discovery requests were due on or about June 11, 2016. (*Id.*) However, despite subsequent attempts to confer in good faith with the plaintiff about his discovery responses, the plaintiff has failed or refused to provide such responses. (*Id.* at 2 and Ex. A).

According to the second Motion to Compel, on May 9 and June 16, 2016, respectively, counsel for the defendants sent two letters to the plaintiff requesting dates that the plaintiff would be available for his deposition. (ECF No. 37 at 1 and Exs. 1 and 2). Having received no response to either letter, and with the September 1, 2016 discovery deadline approaching, on June 23, 2016, counsel for the defendants unilaterally set the plaintiff's deposition for August 3, 2016 at 10:00 a.m. (*Id.* at 2 and Ex. 3). That same date, counsel for the defendants filed and attempted to serve the first Motion to Compel (ECF No. 33) concerning the written discovery on the plaintiff by mail.

Up to that point, all correspondence had been mailed to the plaintiff at 2224 Washington Street East, Charleston, WV 25311, which was the address he provided when he filed this civil action and is the address that appears on the docket sheet. However, as stated in a "Notice of Mail to Plaintiff Returned as Undeliverable/Unclaimed" (ECF No. 35), filed by defense counsel on July 22, 2016, the mail sent to the plaintiff at that address on June 23, 2016 was returned to defense counsel as "unclaimed" or "unable to forward."

The defendants' second Motion to Compel further indicates that the plaintiff failed to appear for his deposition as scheduled on August 3, 2016. (ECF No. 37 at 2). However, defense counsel later received a telephone call from the plaintiff during which the plaintiff advised him that his residence and mailing address had changed.[1] According to the second Motion to Compel, the plaintiff also advised defense counsel that he would be available for his deposition on August 16, 2016 at 10:00 a.m. (*Id.* at 3). However, sometime after 5:00 p.m. on the night before the deposition, the plaintiff left a message with the receptionist at defense counsel's law firm stating that he would not be attending the deposition the following day. (*Id.*)

On the morning of August 16, 2016, defense counsel hand-delivered a letter to the plaintiff's new residence stating that the deposition would go forward as scheduled later that morning. (*Id.*) The courier was told by someone who identified himself as the plaintiff's brother that the plaintiff was in the residence at that time. The courier again relayed the message that the deposition would be going forward. Nevertheless, the plaintiff failed or refused to appear for the deposition. (*Id.* at 3-4).

Accordingly, the defendants' motions asserted that all discovery attempts have been frustrated by the plaintiff's actions and his failure to cooperate made compliance with the discovery deadline and development of this case impossible. Consequently, the

---

[1] The undersigned notes that the plaintiff has not updated his contact information with the Clerk's Office as required by Local Rule 83.5 of the Local Rules of Civil Procedure for the Southern District of West Virginia; however, in the undersigned's Order to Show Cause, the Clerk was directed to modify the docket sheet to reflect the plaintiff's current address as provided by defense counsel. There is no indication on the docket sheet that the mailing containing the Order to Show Cause was returned or not received by the plaintiff.

4

defendants have asserted that they have been prejudiced in their efforts to defend themselves against the plaintiff's allegations. (*Id.* at 4).

Since the issuance of the undersigned's Order to Show Cause on August 31, 2016, the plaintiff has not filed any written response indicating his intent to pursue this litigation and has not in any way contacted the court regarding this matter.

## ANALYSIS

Rule 37(d) of the Federal Rules of Civil Procedure provides as follows with respect to a party's failure to attend his own deposition or respond to discovery requests:

(1)  *In General.*

   (A)  *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

   (i)  a party or a party's officer, director, or managing agent - or a person designated under Rule 30(b)(6) or 31(a)(4) - fails after being served with proper notice, to appear for that person's deposition; or

   (ii)  a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A). Upon certification that the movant has attempted to confer in good faith with the party who has failed to act, the court may order the failing party to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(d)(1)(B).

Furthermore, pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure, the district court may impose sanctions, including dismissing the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(B). Dismissal is also authorized under Rule 41(b) of the Federal

Rules of Civil Procedure, where the court finds that the plaintiff has failed to prosecute a matter or comply with the federal rules. Fed. R. Civ. P. 41(b).

In *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), the Fourth Circuit set forth the following factors to be considered prior to an involuntary dismissal: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. Applying the *Ballard* factors to the circumstances herein, the undersigned believes that dismissal of this case is warranted. It is clear that the plaintiff has wholly failed or refuses to communicate with counsel, or to otherwise participate in this litigation, and that no sanction other than dismissal is appropriate under the circumstances. It appears that the plaintiff is no longer interested in pursuing this matter. Conversely, the defendants have expended time and resources to attempt to move this case forward through discovery, and the plaintiff has not cooperated.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's failure to comply with the federal rules governing discovery, his failure to update the court and defense counsel with a working address and phone number and his failure to respond as ordered to the undersigned's Order to Show Cause warrants dismissal of this civil action. Accordingly, it is respectfully **RECOMMENDED** that that this matter be dismissed pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

October 20, 2016

Dwane L. Tinsley
United States Magistrate Judge